Defendant-appellant, Jill Dennison, appeals the sentence imposed upon her by the Butler County Court of Common Pleas pursuant to Ohio's felony sentencing law, Am. Sub. S.B. No. 2 ("Senate Bill 2").
The undisputed facts of this case are as follows: Beginning in 1995, appellant was employed as an accountant/bookkeeper by Kast-a-Way Swimwear in West Chester, Ohio. During her period of employment at Kast-a-Way Swimwear, appellant was given free access to her employer's checkbook, credit cards, and cash deposits. From approximately November 1996 through November 1997, appellant began an ongoing and continuing misappropriation of funds belonging to her employer. It appears that appellant took cash, wrote unauthorized checks to herself, and used her employer's credit cards to charge purchases for herself and her family, including a family vacation. Because of the amounts of untraceable cash handled by appellant, the amount of money misappropriated by appellant was never clearly established but appears at a minimum to be $29,149.
On December 19, 1997, appellant was arrested for theft. On February 12, 1998, appellant was indicted for grand theft in violation of R.C. 2913.02(A)(1), a fourth degree felony. On March 12, 1998, appellant pled guilty to the lesser included offense of theft in violation of R.C. 2913.02, a fifth degree felony.
Following appellant's guilty plea and a subsequent presentence investigation, on April 20, 1998, a sentencing hearing took place. At the hearing, counsel for appellant asked the trial court to consider that appellant was a first time criminal offender and that the misappropriation of funds occurred during an extremely stressful period in her life. However, appellant's former employer, the manager of Kast-a-Way Swimwear, asked the court to consider that the actual amount of money misappropriated by appellant was probably higher than $29,149, as that was all that could be traced through cancelled checks and credit card receipts. When sentencing appellant, the trial court stated:
 We find that there was a position of trust, very much a position of trust. That you were an accountant. And to allow you to have, to violate this trust and get by with it is nothing but to encourage others in similar positions to do the same and believe that they can perform these types of thefts and then walk out. And with this sum of money involved, whether it's twenty-five thousand or seventy-five thousand dollars we feel that prison is consistent with sentencing purposes and that you wouldn't be amenable to community control. * * * And it's going to be the order of the court that you be delivered into the custody of the Department of Rehabilitation and Corrections for a definite term of eight months. And we feel that to sentence you to a lesser period would demean the seriousness of the offense and would not adequately protect the public in the future.
Appellant appeals, setting forth the following assignments of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING A PRISON SENTENCE FOR A FIFTH DEGREE FELONY.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING A PRISON TERM IN EXCESS OF THE MINIMUM SENTENCE PERMISSIBLE FOR A FIFTH DEGREE FELONY.
Pursuant to R.C. 2953.08(G)(1), an appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as the facts sought to be established." State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported, at 4. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
A sentencing court has wide discretion to determine the most effective way to comply with the purposes and principles of Senate Bill 2. "A reviewing court will not interfere with sentence unless the trial court has abused its discretion."State v. Yontz (1986), 33 Ohio App.3d 342, 343. Generally, a trial court does not abuse its discretion when imposing a sentence that is authorized by statute. State v. Smith (Oct. 13. 1997), Butler App. No. CA93-03-068, unreported, at 3.
In her assignments of error, appellant contends that because this particular offense, a fifth degree felony, was her first and only criminal offense, there is a statutory presumption within Senate Bill 2 favoring community control sanctions over a prison term. Additionally, appellant contends that because she has not previously served a prison term, the court should have imposed upon her the shortest prison term authorized for the offense, which is six, rather than eight, months. We disagree with appellant on both contentions.
"Before a court may sentence an offender to prison for a fifth degree felony, it must first determine whether any of the factors listed in R.C. 2929.13(B)(1)(a) through (h) exist."Smith at 3. In the instant case, the trial court considered such factors and found that R.C. 2929.13(B)(1)(d) was applicable to appellant's conduct. That is, that appellant held a "position of trust and the offense related to that office or position."
The court then determined, based upon consideration of the seriousness and recidivism factors contained in R.C. 2929. (B) through (E), whether a prison term or community control sanctions would be consistent with the purposes and principles of R.C. 2929.11. Smith at 3. If a trial court determines that a prison term is warranted, it then selects a definite term from the range available pursuant to R.C. 2929.14(A)(1) through (5).Id. In the case at bar, the trial court specifically found that appellant "wouldn't be amenable to community control" and found that a prison term was warranted. Accordingly, the sentencing range for a fifth degree felony, pursuant to R.C.2929.14(A)(5), is a prison term of six to twelve months.
Pursuant to R.C. 2929.14(B), "if the offender previously has not served a prison term, the court shall impose the shortest term authorized for the offense * * *." However, the trial court may override such mandate if it "finds on the record, that the shortest prison term will demean the seriousness of the offense of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). In this case, the trial court found that to sentence appellant to a lesser sentence would indeed "demean the seriousness of the offense and would not adequately protect the public in the future." Therefore, the trial court ordered appellant to serve an eight month term of imprisonment.
After carefully reviewing the record, we find that the trial court did not abuse its discretion by sentencing appellant to an eight month term of imprisonment. There is no evidence that the trial court failed to properly consider the required statutory factors of Senate Bill 2 prior to imposing sentence in this case. Furthermore, we find that the trial court imposed a sentence upon appellant that is supported by the record and is well within statutory guidelines. Accordingly, the sentence imposed by the trial court was not in error. Appellant's assignments of error are overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.